IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**RICHARD STANFORTH, for himself
and all others similarly situated and
HELEN LUCERO, for herself and
all others similarly situated,**

      **Plaintiffs,**

v.                                              Case No. CIV 09-1146 RB/RHS

**FARMERS INSURANCE COMPANY
OF ARIZONA, an Arizona Corporation,
FARMERS GROUP, INC., a California
Corporation, WILLIAM B. TOBIN,
DAVID ARAGON, and JOHN AND JANE
DOES 1 THROUGH 250,**

      **Defendants.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Lien Claimants' Motion to Enforce Attorney's Lien, (Doc. 107), and Plaintiffs' Counsel's Motion to Strike Notice of Lien, (Doc. 109). Briefing is complete. Jurisdiction arises under 28 U.S.C. § 1332(d). Having considered the submissions of counsel, and being otherwise fully advised, the Court denies the Motion to Enforce Attorney's Lien and grants the Motion to Strike Notice of Lien.

**I.      Background**

Plaintiffs filed this class action suit in the Second Judicial District Court, State of New Mexico, seeking damages against Farmers Insurance Company of Arizona, Farmers Group, Inc. ("Farmers"), their individual insurance agents, and 250 "John/Jane Doe" insurance agents, for alleged breach of statutory, common law, and contractual duties. (Doc. 1-1). Plaintiffs are automobile insurance policyholders who allege that Defendants induced them into rejecting

uninsured/underinsured motorist coverage ("UM coverage"), failed to advise Plaintiffs that the rejection would reduce their total amount of UM coverage, and failed to provide them with a valid notice of rejection of UM coverage. (*Id.*)  Plaintiffs were each subsequently involved in an accident with an at-fault, under-insured driver and Defendant Farmers denied their claims for UM coverage in excess of the coverage applicable to a single vehicle. (*Id.*)

Plaintiffs bring suit on behalf of themselves individually and as Class Representatives on behalf of all similarly situated New Mexico residents and policyholders of Farmers. (*Id.*)  On December 4, 2009, Farmers removed the case to this Court pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2). (Doc. 1).  Plaintiffs' Counsel are Geoffrey R. Romero, Joseph Goldberg, David A. Freedman, David P. Garcia, Matthew L. Garcia, Ray M. Vargas, II, Erin B. O'Connell, Sara Berger, and Vincent J. Ward.  Lien Claimants are David J. Berardinelli, Daniel J. O'Friel, and Pierre Levy.

On May 11, 2011, Lien Claimants filed an entry of appearance on behalf of Plaintiffs. (Doc. 73).  According to Mr. Berardinelli, "[O]n April 29, 2011, Lien Claimants entered into an agreement with Plaintiffs' attorneys to work together and share the fee in this case." (Affidavit of David J. Berardinelli, Doc. 107-1).  "In the agreement, Mr. O'Friel would be paid a fixed percentage of one third (1/3) of the Stanforth fee, to be adjusted depending on the extent of [Lien Claimant's] contributions." (*Id.*)  "This was a firm fee agreement based upon work contribution to be revisited upon the close of the case if adjustments to [Lien Claimant's] fee upward were to be indicated." (*Id.*)  Mr. Berardinelli states that he has worked on the legal theory of recovery in this case for over ten years, and he has served as plaintiff's trial counsel in approximately twenty-two coverage and bad faith cases filed against Allstate Insurance Company since 1996.

2

(*Id.*)  Mr. Berardinelli believes that the settlement in this matter closely resembles the settlement in one of these cases, which is styled *Jordan v. Allstate Ins. Co.*, Civ. No. D-0101-CV-2007-00309, First Judicial District, County of Santa Fe, State of New Mexico.  (*Id.*)

According to Lien Claimants, the fee-splitting agreement was memorialized in a series of e-mails between Mr. O'Friel and Mr. Goldberg, dated May 1-2, 2011.  (Doc. 110).[1]  In an e-mail dated May 1, 2011, Mr. Goldberg discussed an agreement in principle whereby Lien Claimants and Plaintiffs' Counsel would split the fees one-third to Lien Claimants and two-thirds to Plaintiffs' Counsel, any dispute as to the fees would be resolved by Mr. O'Friel and Mr. Goldberg, and any unresolved dispute would be submitted to binding arbitration by a single arbitrator under an expedited procedure.  (Doc. 110).  Mr. Goldberg suggested "Dick Ransom, Bill Lang or Chuck Peifer" to serve as an arbitrator, and stated that Plaintiffs' Counsel did not anticipate filing an Allstate case.  (*Id.*)  Mr. Goldberg asked Mr. O'Friel to confirm that the agreement in principle was acceptable to Mr. Berardinelli.  (*Id.*)  In an e-mail dated May 2, 2011, Mr. O'Friel stated it was "[u]nderstood and agreed upon" and Mr. Ransom, Mr. Lang, and Mr. Peifer were "acceptable as neutrals."  (*Id.*)

On May 16, 2011, United States Magistrate Judge Robert H. Scott granted the parties' joint motion to stay until August 16, 2011, as the parties were in settlement negotiations based in part on rulings in other insurance coverage cases in New Mexico.  (Doc. 74).

According to Mr. Romero, soon after Lien Claimants entered their appearance in May 2011, "[a] series of discussions occurred between [Plaintiffs'] counsel and Lien Claimants

---

[1] In response to the Motion to Strike Attorney's Lien, (Doc. 115), Lien Claimants state "a copy of the Fee Agreement" was attached to their Corrected Reply to Stanforth Counsel's Opposition to Lien Claimants' Motion to Enforce Attorney's Lien, filed on March 26, 2013. (Doc. 112).  However, nothing was attached to the Corrected Reply.  (*Id.*)

3

regarding the division of work and the potential allocation of fees commensurate with the work that counsel would perform." (Affidavit of Geoffrey R. Romero, Doc. 108). "Immediately, several differences arose between [Plaintiffs'] counsel and Lien Claimants, including litigation strategy, settlement approaches and information sharing and candor regarding the various cases [counsel] were both involved in." (*Id*.) "These differences precluded any binding agreements regarding a co-counseling alliance, as reflected in Lien Claimants' motion seeking their withdrawal from this case." (*Id*.) "While a few organizational meetings occurred, Lien Claimants did not participate in any substantive parts of the litigation, including communications with clients, drafting substantive pleadings, Court proceedings, or negotiations with the defendants regarding settlement." (*Id*.) "Plaintiffs have never met or communicated with Lien Claimants regarding any fee-splitting agreements between [Plaintiffs'] Counsel and Lien Claimants, or involving any other lawyers." (*Id*.)

In an e-mail to Lien Claimants and Plaintiffs' Counsel, dated June 20, 2011, Mr. Romero reported that Farmers' counsel was talking to Allstate's counsel about Mr. Berardinelli's Allstate case. (Doc. 117). Mr. Romero explained the need for Mr. Berardinelli to share information with Plaintiffs' Counsel about the settlement negotiations in the Allstate case. (*Id*.) On June 22, 2011, Mr. Romero sent an e-mail to Mr. Berardinelli and Mr. O'Friel explaining "[i]t is critical that we get feedback from you regarding what you are doing in your negotiations with Allstate." (*Id*.) Mr. Romero continued: "As we discussed, none of the carriers, nor their counsel, want to negotiate a worse deal than any other carrier." (*Id*.) Mr. Romero emphasized to Mr. Berardinelli: "What you do with Allstate will influence what the other carriers and their counsel will expect of us, or want from us. They are talking to one another. We need to make sure we are

on the same page." (*Id*.)  In an e-mail to Plaintiffs' Counsel, dated June 22, 2011, Mr. Berardinelli maintained that he was unable to share any information about the Allstate settlement negotiations with Plaintiffs' Counsel.  (*Id*.)  The next day, in an e-mail to Mr. Romero, Mr. Berardinelli stated he was willing to work "independently" with Mr. Romero. (*Id*.)

During 2011 and 2012, Judge Scott extended the stay of the proceedings and required the parties to file status reports.  (Docs. 74, 77, 80, 85, 87, 89, 93, & 95).  On July 5, 2012, Lien Claimants filed an Unopposed Motion to Withdraw "on the grounds of irreconcilable conflict of interest with Plaintiff co-counsel and their clients, and lack of any enforceable co-counsel agreement."  (Doc. 90).  Mr. Berardinelli and Mr. O'Friel signed the Unopposed Motion to Withdraw.  (*Id.*)  Judge Scott granted Lien Claimants' Motion to Withdraw on July 9, 2012. (Doc. 91).

In a September 7, 2012 status report, the parties explained that they were in the process of reviewing modified settlement terms in *Jordan v. Allstate*, and they needed additional time. (Doc. 94).  On October 10, 2012, Judge Scott held a scheduling conference, lifted the stay as of November 30, 2012, and set a briefing schedule.  (Doc. 97).

On October 29, 2012, Lien Claimants filed a Notice of Attorney's Lien.  (Doc. 98).  Two days later, on October 31, 2012, they filed a separate class action lawsuit in the First Judicial District Court, State of New Mexico, which was removed to this Court as *Fulgenzi v. Smith*, *et al.*, CIV 12-1261 RB/RHS.

The undersigned held status conferences on January 10, 2013 and February 8, 2013. (Docs. 102 & 103).  On February 14, 2013, the parties filed a notice of settlement.  (Doc. 104).

On February 27, 2013, Lien Claimants filed a Motion to Enforce Attorney's Lien and a

5

Corrected Motion to Enforce Attorney's Lien, seeking to enforce the terms of an alleged fee-splitting agreement with Plaintiffs' Counsel whereby the Lien Claimants would receive one-third of the attorney's fees and Plaintiffs' Counsel would receive the other two-thirds, and attached the Affidavit of David J. Berardinelli.  (Docs. 106 & 107).  On March 19, 2013, Plaintiffs' Counsel filed a Motion to Strike the Notice of Lien.  Both motions are fully briefed.

## II.     Discussion

In New Mexico, there are four requirements for the imposition of an attorney charging lien.  *See Computer One, Inc. v. Grisham & Lawless, P.A.*, 144 N.M. 428, 429, 188 P.3d 1175, 1180 (2008).  First, there must be a valid contract between the attorney and the client.  *Id.*  Second, there must be a judgment that resulted from the attorney's services.  *Id.*  Third, the attorney must give notice to the appropriate parties.  *Id.*  Fourth, the attorney must give notice of the lien before the proceeds from the judgment have been distributed.  *Id.*  In addition to these procedural requirements, a court in its equitable powers "may inquire into the reasonableness of the asserted . . . lien."  *Id.*  The purpose of attorney charging liens is to protect lawyers from dishonest clients.  *Id.*

Lien Claimants have not satisfied the first two requirements.  First, Lien Claimants have neither alleged nor established that they had any agreement with Plaintiffs.  Lien Claimants contend that they entered into an agreement with Plaintiffs' Counsel whereby "Mr. O'Friel would be paid a fixed percentage of one-third (1/3) of the fee Stanforth fee, to be adjusted depending on the extent of [the Lien Claimant's] contributions."  (Doc. 107-1).  This statement establishes that there was no firm agreement between Plaintiffs' Counsel and Lien Claimants, but rather an understanding that a potential fee would be divided according to the work

contributed by counsel.  As the contemplated co-counsel relationship quickly deteriorated, and Lien Claimants contributed no substantive work to the Stanforth case, there was no enforceable agreement between Plaintiffs' Counsel and the Lien Claimants.  Indeed, Mr. Berardinelli and Mr. O'Friel acknowledged as much when they stated in the Motion to Withdraw that no enforceable co-counsel agreement existed.  However, the issue is not whether there was an understanding between *the lawyers* about a contemplated co-counsel agreement, rather the crucial issue is whether Lien Claimants had an agreement with *the clients*.

New Mexico law requires an agreement between the attorney and the client.  *Computer One, Inc.*, 144 N.M. at 429, 188 P.3d at 1180.  Plaintiffs are the clients.  Lien Claimants do not assert that they had an agreement with the clients.  Lien Claimants do not contradict Plaintiffs' Counsels' assertion that Lien Claimants have never met or communicated with the clients regarding any fee-splitting agreement between Plaintiffs' Counsel and Lien Claimants.  In that Lien Claimants have submitted nothing to show that they had an agreement with the clients, there was no valid contract between the Lien Claimants and the clients.

Second, Lien Claimants have submitted nothing to substantiate their contention that the settlement resulted from their work.  While Mr. Berardinelli states that he worked on the legal theory underlying this matter for over ten years, Lien Claimants do not claim that they performed substantive work on the Stanforth case.  Lien Claimants have submitted no time records or other documentation that would substantiate their claim for attorneys' fees.

It bears underscoring that "[t]o recover fees from a common fund, attorneys must demonstrate that their services were of some benefit to the fund or enhanced the adversarial process."  *Law v. Nat'l Collegiate Athletic Ass'n*, 4 F. App'x 749, 751 (10th Cir. 2001)

(unpublished) (quoting *Petrovic v. Amoco Oil Co.*, 200 F.3d 1140, 1156 (8th Cir. 1999)). Lien Claimants have made no showing that their services are commensurate with their claim for one-third of the fees in this case. Notably, Lien Claimants do not dispute Plaintiffs' Counsel's contention that Lien Claimants did not participate in any substantive parts of the litigation, including communications with the clients, drafting substantive pleadings, court proceedings, or negotiations with the defendants regarding settlement. In that Lien Claimants did not perform substantive work on this case, the asserted lien is not reasonable. For these reasons, the Court concludes that Lien Claimants are not entitled to attorney's fees. In light of this conclusion, the Notice of Attorney's Lien will be stricken.

**THEREFORE,**

  **IT IS ORDERED** that Lien Claimants' Motion to Enforce Attorney's Lien (Doc. 107) is **DENIED**.

  **IT IS FURTHER ORDERED** that Plaintiffs' Motion to Strike Notice of Lien (Doc. 109) is **GRANTED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**