IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RICHARD STANFORTH, for himself
and all others similarly situated and
HELEN LUCERO, for herself and
all others similarly situated,

       Plaintiffs,

v.                                                    Case No. CIV 09-1146 RB/RHS

FARMERS INSURANCE COMPANY OF ARIZONA,
FARMERS GROUP INC., MID-CENTURY INSURANCE
COMPANY, FARMERS INSURANCE EXCHANGE,
TRUCK INSURANCE EXCHANGE, BRISTOL WEST
INSURANCE COMPANY, 21ST CENTURY ADVANTAGE
INSURANCE COMPANY, 21ST CENTURY ASSURANCE
COMPANY, 21ST CENTURY CASUALTY COMPANY,
21ST CENTURY CENTENNIAL INSURANCE COMPANY,
21ST CENTURY INSURANCE COMPANY OF THE
SOUTHWEST, 21ST CENTURY NATIONAL INSURANCE
COMPANY, 21ST CENTURY NORTH AMERICA
INSURANCE COMPANY, 21ST CENTURY
PREMIER INSURANCE COMPANY, FOREMOST
INSURANCE COMPANY GRAND RAPIDS, MICHIGAN,
FOREMOST PROPERTY & CASUALTY INSURANCE
COMPANY, FOREMOST SIGNATURE INSURANCE
COMPANY, and MARYLAND CASUALTY COMPANY,
WILLIAM B. TOBIN, DAVID ARAGON, and JOHN AND
JANE DOES 1 THROUGH 250,

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Fulgenzi Class Members' [sic] [1] Motion for Withdrawal of Preliminary Approval of Stanforth Class Settlement. (Doc. 142). Briefing is complete. Jurisdiction arises under 28 U.S.C. § 1332(d). Having considered the submissions

---

[1] No class has been certified in *Fulgenzi v. Smith*, *et al.*, CIV 12-1261 RB/RHS.

of counsel, and being otherwise fully advised, the Court denies this Motion.

**I.     Background**

On July 29, 2009, Richard Stanforth and Helen Lucero ("Plaintiffs") filed this class action suit in the Second Judicial District Court, State of New Mexico, seeking damages against Farmers Insurance Company of Arizona, Farmers Group, Inc., their individual insurance agents, and 250 "John/Jane Doe" insurance agents ("Defendants"), for alleged breach of statutory, common law, and contractual duties. (Doc. 1-1). Plaintiffs are automobile insurance policyholders who alleged that Defendants induced them into rejecting uninsured/underinsured motorist coverage ("UM/UIM coverage"), failed to advise Plaintiffs that the rejection would reduce their total amount of UM/UIM coverage, and failed to provide them with a valid notice of rejection of UM/UIM coverage. (*Id*.) Plaintiffs are represented by Geoffrey R. Romero, Joseph Goldberg, David A. Freedman, David P. Garcia, Matthew L. Garcia, Ray M. Vargas, II, Erin B. O'Connell, Sara Berger, and Vincent J. Ward ("Plaintiffs' Counsel"). Emily Cates, Steve Hulsman, Peter Mason, and Josh Lichtman represent Defendants.

On May 11, 2011, David J. Berardinelli, Daniel J. O'Friel, and Pierre Levy ("Attorney Claimants") filed an entry of appearance as co-counsel on behalf of Plaintiffs. (Docs. 73). On May 16, 2011, United States Magistrate Judge Robert H. Scott granted Defendants' joint motion to stay until August 16, 2011, as the parties were in settlement negotiations. (Doc. 74). On July 5, 2012, Attorney Claimants filed an Unopposed Motion to Withdraw "on the grounds of irreconcilable conflict of interest with Plaintiff co-counsel and

their clients, and lack of any enforceable co-counsel agreement." (Doc. 90). Mr. Berardinelli and Mr. O'Friel signed the Unopposed Motion to Withdraw. (*Id.*) Judge Scott granted the Attorney Claimants' Motion to Withdraw on July 9, 2012. (Doc. 91).

On October 29, 2012, Attorney Claimants filed a Notice of Attorney's Lien. (Doc. 98). On February 27, 2013, Attorney Claimants filed a Motion to Enforce Attorney's Lien and a Corrected Motion to Enforce Attorney's Lien, seeking to enforce the terms of an alleged fee-splitting agreement with Plaintiffs' Counsel whereby the Attorney Claimants would receive one-third of the attorney's fees and Plaintiffs' Counsel would receive the other two-thirds, and attached the Affidavit of Mr. Berardinelli. (Docs. 106 & 107). On March 19, 2013, Plaintiffs' Counsel filed a Motion to Strike the Notice of Lien. (Doc. 109). On June 26, 2013, the Court denied Attorney Claimants' Motion to Enforce Attorney's Lien and granted Plaintiffs' Motion to Strike the Notice of Lien. (Doc. 119).

Two days after filing the Notice of Attorney's Lien, Mr. Berardinelli and Mr. O'Friel ("Fulgenzi Attorneys") filed a class action lawsuit in the First Judicial District Court, State of New Mexico, which is now pending in this Court as *Fulgenzi v. Smith*, *et al.*, CIV 12-1261 RB/RHS (Fulgenzi suit). (Fulgenzi Doc. 1). The Fulgenzi suit is based on the same operative facts as the instant matter and seeks damages under the New Mexico Unfair Practices Act (NMUPA). (*Id.*) Therein, Garon Fulgenzi alleges that Defendant Farmers promulgated uninsured and underinsured motorist coverage selection or rejection forms that are invalid under New Mexico law because the forms do not provide the necessary information to allow policyholders to decide whether to reject UM coverage as required by New Mexico law. (*Id.*)

3

The Fulgenzi Complaint alleges that Defendant Smith and a proposed Defendant Class of insurance agents used the forms to sell Farmers automobile insurance to Mr. Fulgenzi and the proposed Plaintiff Class. (*Id.*) The Fulgenzi suit seeks $100 in statutory damages under the NMUPA for each of the alleged 75,000-100,000 proposed Plaintiff Class Members, a declaration that the UM Selection/Rejection Forms are unenforceable, and an award of damages under the NMUPA for each of the proposed Plaintiff Class Members who received the forms and selected UM coverage in an amount less than the maximum allowable. (*Id.*)

On December 5, 2012, Defendants removed the Fulgenzi suit to this court pursuant to the Class Action Fairness Act (CAFA), 28 U.S.C. § 1332(d). (Fulgenzi, Doc.1). The Fulgenzi Attorneys filed a motion to remand, arguing that CAFA's home-state exception bars jurisdiction. 28 U.S.C. § 1332(d)(4)(B). (Fulgenzi, Doc. 24). On July 2, 2013, the Court denied the motion to remand. (Fulgenzi, Doc. 31). The Fulgenzi Attorneys have taken no steps to litigate the Fulgenzi suit since March 5, 2013. (Fulgenzi, Doc. 29). No discovery has occurred and no deadlines have been set. Because no class has been certified, Mr. Fulgenzi is the lone plaintiff.

From May 2011 through October 2013, the Stanforth parties worked toward a settlement. On October 1, 2013, the Stanforth parties amended the Stanforth complaint and class definition in order to more precisely define the class and to properly identify additional defendants in the settlement. (Doc. 130). The Stanforth Amended Complaint covers claims regarding UM/UIM Coverage available to Plaintiffs and similarly situated persons based on the alleged failure of Defendants to extend such UM/UIM Coverage to their insureds in

accordance with the requirements of applicable New Mexico law, and the alleged denial of claims for benefits for that UM/UIM Coverage by Defendants. (*Id.*)

On October 14, 2013, Plaintiffs filed an Unopposed Motion for Preliminary Approval of Settlement ("Stanforth Settlement"). (Doc. 134). In the Stanforth settlement, Defendants agree to retroactively reform all policies that did not or do not contain equal limits UM Coverage and were issued, renewed, or effective in New Mexico from January 1, 1995, through the applicable Reformation Ending Dates, so that those policies now provide such coverage. (Doc. 134-1). While all settlement class members will receive this relief, those individuals who were in a UM accident after January 1, 1995 ("Subclass A") may also submit claims for UM benefits based on the retroactively reformed policy limits. (*Id.*) Stanforth class members such as Mr. Fulgenzi, who did not have accidents, are not entitled to UM benefits, and suffered no actual damages ("Subclass B"), will be entitled to notice and retroactive reformation. (*Id.*) On November 1, 2013, the Court granted the parties' Motion for Preliminary Approval of the Settlement and conditionally certified a settlement class. (Doc. 139).

The Fulgenzi Attorneys move to withdraw the Court's preliminary approval on the grounds that the original Stanforth Complaint did not state a plausible claim on behalf of the potential Fulgenzi class, the Stanforth Plaintiffs should have timely moved to amend their complaint if they intended to include the potential Fulgenzi class and NMUPA claims in the settlement, Defendants should have filed a motion to dismiss the Fulgenzi suit, and the Court must protect the potential Fulgenzi class members and their NMUPA claims. (Doc. 142).

5

Plaintiffs respond that the Fulgenzi claims are subsumed by the Stanforth action and the proposed Fulgenzi class has no viable claim for damages under the NMUPA. (Doc. 143). Defendants respond the Stanforth and Fulgenzi cases arise from the same core set of facts, the settlement protects all putative class members, and there are no viable Fulgenzi class claims for UPA statutory damages. (Doc. 144).

## II.   Standard

"The class action is 'an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only.'" *Wal-Mart Stores, Inc. v. Dukes*, ___ U.S.___, 131 S.Ct. 2541, 2550 (2011) (quoting *Califano v. Yamasaki*, 442 U.S. 682, 700-701 (1979)). "In order to justify a departure from that rule, 'a class representative must be part of the class and 'possess the same interest and suffer the same injury' as the class members.'" *Id*. (quoting *East Tex. Motor Freight Sys., Inc. v. Rodriguez,* 431 U.S. 395, 403 (1977)). "Rule 23(a) ensures that the named plaintiffs are appropriate representatives of the class whose claims they wish to litigate. *Id.* "The Rule's four requirements - numerosity, commonality, typicality, and adequate representation –'effectively limit the class claims to those fairly encompassed by the named plaintiff's claims.'" *Id*. (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 156 (1982)).

The settlement of a class action requires court approval, which may issue "only after a hearing and on finding that [the settlement] is fair, reasonable, and adequate." FED. R. CIV. P. 23(e)(2). Preliminary approval is the first of a two-step process. *See* Herbert B. Newberg, *Newberg on Class Actions,* § 11.25. In the first step, the court determines whether the

proposed settlement falls within the range of possible approval and whether it is reasonable to issue notification to settlement class members of the settlement's terms. *See id*. In the second step, after notice to the class and an opportunity for absent settlement class members to object or otherwise be heard, the court will determine whether to grant final approval of the settlement as fair and reasonable. *See id.* District courts have broad discretion when deciding whether to certify a putative class. *Dukes*, ___ U .S.___, 131 S.Ct. at 2551; *Shook v. El Paso Cnty.*, 386 F.3d 963, 967 (10th Cir. 2004). A proposed settlement of a class action should be preliminarily approved where it appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, and does not improperly grant preferential treatment to class representatives. *See In re Motor Fuel Temperature Sales Practices Litig.*, 286 F.R.D. 488, 492 (D. Kan. 2012).

**III.   Discussion**

**A.   The Stanforth Complaint was properly amended.**

The Fulgenzi Attorneys do not contend that preliminary approval was improper under Rule 23. Rather, they assert that the approval should be withdrawn because the original Stanforth Complaint did not encompass the allegations of the Fulgenzi Complaint. This assertion is not legally relevant to the issues at hand. In class action settlements, it is typical for plaintiffs to amend the complaint to broaden the claims, the class definition, the time period or the defendants from what was described in the initial class action complaint. *See Newberg*, § 12:15, p. 312 and fn. 8; *Weinberger v. Kendrick,* 698 F.2d 61, 77 (2d Cir. 1982) (stating that there is "no rigid rule against addition of new claims shortly before submission

7

of proposed settlement provided that proper notice and opportunity for opting out are afforded . . .and that the settlement fairly and adequately provides for the new claims") (citations omitted). Indeed, the Fulgenzi Attorneys filed an amended complaint in a similar unrelated class action shortly before they settled that case. (*See Jordan v. Allstate Ins. Co.*, No. D-0101-CV-2007-00309, First Judicial District, County of Santa Fe, State of New Mexico (Doc. 144-1)). The amended complaint in *Jordan v. Allstate* expanded the time period, added defendants, and added claims for NMUPA and NMUIPA violations and bad faith. (Docs. 144-1, 144-2, 144-3, 144-4). It is disingenuous for the Fulgenzi Attorneys to argue that a similar amendment to the complaint in this case is inappropriate when they successfully advocated for the same course of action in the *Jordan* case. In any event, the Fulgenzi Attorneys' concerns related to the original complaint were rendered moot by the properly-filed amended complaint. Nonetheless, the Court will address the Fulgenzi Attorneys' claims related to the original complaint.

**B.      The Fulgenzi Attorneys misconstrue the original Stanforth Complaint.**

The Fulgenzi Attorneys improperly construe the term "denied coverage" in the original Stanforth Complaint to include only those insureds who made claims. A fair reading of this language indicates that the class definition in the original Stanforth Complaint included all insureds who had UM/UIM coverage that was less than liability limits without regard to whether an insured had made a claim for UM/UIM payments based on that coverage. It is material that Defendants' policies denied equal limits coverage to all insureds whether or not an insured submitted a claim for payment. Moreover, the Fulgenzi Attorneys'

interpretation of the term "denied coverage" is illogical because not every UM/UIM claim would reach the liability policy limits. For these reasons, the Fulgenzi Attorneys misinterpret the term "denied coverage" as used in the original Stanforth Complaint and their argument fails having been based on a flawed premise.

**C.     The Stanforth settlement covers the Fulgenzi suit.**

It is well-established that "a court may permit the release of a claim based on the identical factual predicate as that underlying the claims in the settled class action." *TBK Partners, Ltd. v. W. Union Corp.,* 675 F.2d 456, 460 (2d Cir. 1982). As a result, a class action settlement may include all claims arising from the same "factual predicate" as the claims alleged in a competing class action complaint. *Wal-Mart Stores, Inc. v. Visa, Inc.*, 396 F.3d 96, 107 (2d Cir. 2005); *Nottingham v. Trans-Lux*, 925 F.2d 29, 33 (1st Cir. 1991) (holding that a class action settlement may include all claims with a "common gravamen" or that "arose out of the same transaction" as the facts alleged in the complaint). Undeterred when their attempt to obtain a share of the Stanforth fees failed, the Fulgenzi Attorneys attempted to carve out a piece of the Stanforth matter by filing the Fulgenzi Complaint. While the claims raised in the Fulgenzi Complaint overlap with the claims raised in the original Stanforth Complaint, it is not necessary to parse the language of the two documents to determine whether the claims arose from the same factual predicate. Rather, a class action settlement may be "framed so as to prevent class members from subsequently asserting claims relying on a legal theory different from that relied upon in the class action complaint but depending upon the very same set of facts." *Nat'l Super Spuds, Inc. v. N.Y. Mercantile*

9

*Exch.,* 660 F.2d 9, 18 n. 7 (2d Cir. 1981). The Fulgenzi suit alleges that Defendants promulgated uninsured and underinsured motorist coverage selection or rejection forms that are legally invalid because the forms do not provide the necessary information to allow policyholders to decide whether to reject UM/UIM coverage as required by New Mexico law. The Stanforth suit alleges that Defendants failed to extend UM/UIM Coverage to their insureds in accordance with the requirements of New Mexico law. There can be no doubt that Fulgenzi and Stanforth are based on the same factual predicate. Given that the claims raised in the Fulgenzi suit arose from the same set of facts as the claims in Stanforth, the claims in the Fulgenzi suit are subsumed by the Stanforth settlement.

**D.     The Stanforth settlement protects Mr. Fulgenzi.**

Mr. Fulgenzi is the only plaintiff in the Fulgenzi suit. The settlement in Stanforth protects Mr. Fulgenzi because he will receive retroactive equalized coverage under the settlement or, if he so chooses, he may opt out of the settlement and bring a claim for $100 in statutory damages against Defendants under the NMUPA. Similarly, policyholders who did not have a loss caused by an uninsured/underinsured motorist will receive equalized coverage under the settlement or they will have the opportunity to opt out of the settlement and assert their $100 statutory damage claims against Defendant under the NMUPA. *See Grilli v. Metro. Life Ins. Co., Inc.,* 78 F.3d 1533, 1536-38 (11th Cir. 1996) (holding that the district court did not abuse its discretion in denying a motion to intervene based on the court's conclusion that proposed intervenors could protect their interest either by opting out of the class and litigating separately, or by remaining in the case and objecting to the

proposed settlement if they thought it was unfair). Because it does not preclude his ability to prosecute his individual claims against Defendants, the Stanforth settlement protects Mr. Fulgenzi.

### E.  The NMUPA limits class members to actual damages.

The Fulgenzi Attorneys rely on yet another flawed premise when they argue that the NMUPA permits unnamed class members to recover statutory damages even when they incurred no actual damages. The fallacy of this argument becomes apparent through a review of the NMUPA. Notably, the NMUPA distinguishes between named plaintiffs and unnamed class members in terms of recoveries available to each group.

Section 57-12-10(B) of the NMUPA provides that named plaintiffs may recover statutory damages. *See* NMSA 1978, § 57-12-10(B) ("Any person who suffers any loss of money or property, real or personal, as a result of any employment by another person of a method, act or practice declared unlawful by the Unfair Practices Act may bring an action to recover actual damages or the sum of one hundred dollars ($100), whichever is greater."). The New Mexico Supreme Court has interpreted Subsection 57-12-10(B) to mean that individuals may recover statutory damages in the absence of actual damages. *Page & Wirtz Const. Co. v. Solomon*, 110 N.M. 206, 212, 794 P.2d 349, 355 (1990); *see also Jones v. Gen. Motors Corp.*, 124 N.M. 606, 611, 953 P.2d 1104, 1109 (Ct. App. 1998); *Lohman v. Daimler-Chrysler Corp.* 142 N.M. 437, 446, 166 P.3d 1091, 1100 (Ct. App. 2007). Undoubtedly, Mr. Fulgenzi and any individual within the putative Fulgenzi class may opt out of the settlement and bring a claim for statutory damages against Defendants.

Section 57-12-10(E) sets out a different rule for unnamed class members. NMSA 1978, § 57-12-10(E). Specifically, Subsection 57-12-10(E) of the NMUPA allows named plaintiffs to recover statutory damages but explicitly limits the recovery of class members to their actual damages:

> In any class action filed under this section, the court may award damages to the named plaintiffs as provided in Subsection B of this section and may award members of the class such actual damages as were suffered by each member of the class as a result of the unlawful method, act or practice.

NMSA 1978, § 57-12-10(E). In that the putative Fulgenzi class members suffered no actual damages, they have no viable claim for damages under the NMUPA.

The Fulgenzi Attorneys rely on *Page & Wirtz Const. Co.*, *Jones*, and *Lohman* in support of their contention that unnamed class members may recover statutory damages under the NMUPA in the absence of actual damages. (Doc. 142 at 20-21). However, these cases do not support this contention. *See Page & Wirtz Const. Co.,* 110 N.M. at 211-12, 794 P.2d at 354-55; *Jones*, 124 N.M.at 611, 953 P.2d at 1109; *Lohman*, 142 N.M. at 446, 166 P.3d at 1100. All three cases hold that individuals may recover statutory damages in the absence of actual damages under § 57-12-10(B). *Id.* None of these cases address Section 57-12-10(E). *Id.* Additionally, *Page & Wirtz* and *Jones* were not class actions. *See Page & Wirtz Const. Co.,* 110 N.M. at 211-12, 794 P.2d at 354-55; *Jones*, 124 N.M.at 611, 953 P.2d at 1109. While *Lohman* was a putative class action, it held that a named class member may recover statutory damages under Section 57-12-10(B); it did not address Section 57-12-10(E). *See Lohman*, 142 N.M. at 446, 166 P.3d at 1100. None of these cases alter the rule set

out in Section 57-12-10(E) that limits unnamed class members to actual damages. *See Page & Wirtz Const. Co.,* 110 N.M. at 211-12, 794 P.2d at 354-55; *Jones*, 124 N.M. at 611, 953 P.2d at 1109; *Lohman*, 142 N.M. at 446, 166 P.3d at 1100. Simply put, the Fulgenzi Attorneys' reliance on these cases is misplaced. In sum, the putative Fulgenzi class members do not have viable claims for damages under the NMUPA.

**THEREFORE,**

**IT IS ORDERED** that Fulgenzi Class Members' Motion for Withdrawal of Preliminary Approval of Stanforth Class Settlement (Doc. 142) is **DENIED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**