IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RICHARD STANFORTH, for himself
and all others similarly situated and
HELEN LUCERO, for herself and
all others similarly situated,

      Plaintiffs,

v.                                     Case No. CIV 09-1146 RB/RHS

FARMERS INSURANCE COMPANY
OF ARIZONA, an Arizona Corporation,
FARMERS GROUP, INC., a California
Corporation, WILLIAM B. TOBIN,
DAVID ARAGON, and JOHN AND JANE
DOES 1 THROUGH 250,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Movant Joseph Goldberg's motion for injunctive relief to bar Daniel J. O'Friel from pursuing an action in New Mexico state court. (Doc. 149). Mr. O'Friel opposes this motion. (Doc. 154). Jurisdiction arises under 28 U.S.C. § 1332(d). Having considered the submissions of counsel, and being otherwise fully advised, the Court **DENIES** this motion.

### Background

Plaintiffs filed this class action suit in the Second Judicial District Court, State of New Mexico, seeking damages against Farmers Insurance Company of Arizona, Farmers Group, Inc.

("Farmers"), their individual insurance agents, and 250 "John/Jane Doe" insurance agents, for alleged breach of statutory, common law, and contractual duties. (Doc. 1-1). Plaintiffs are automobile insurance policyholders who allege that Defendants induced them into rejecting uninsured/underinsured motorist coverage ("UM coverage"), failed to advise Plaintiffs that the rejection would reduce their total amount of UM coverage, and failed to provide them with a valid notice of rejection of UM coverage. (*Id.*) Plaintiffs were each subsequently involved in an accident with an at-fault, under-insured driver and Defendant Farmers denied their claims for UM coverage in excess of the coverage applicable to a single vehicle. (*Id.*)

Plaintiffs bring suit on behalf of themselves individually and as Class Representatives on behalf of all similarly situated New Mexico residents and policyholders of Farmers. (*Id.*) On December 4, 2009, Farmers removed the case to this Court pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2). (Doc. 1). On October 14, 2013, Plaintiffs submitted an "Unopposed Motion for Preliminary Approval of Settlement." (Doc. 134). On November 1, 2013, the Court entered an "Order Preliminarily Approving Settlement, Approving Notice to Settlement Class Members, and Setting Date for Final Approval Hearing." (Doc. 139). The final approval hearing is set for June 6, 2014 at 8:45 a.m.

Representing the Plaintiffs are Geoffrey R. Romero, Joseph Goldberg, David A. Freedman, David P. Garcia, Matthew L. Garcia, Ray M. Vargas II, Erin B. O'Connell, Sara Berger, and Vincent J. Ward ("Class Counsel"). On May 11, 2011, David J. Berardinelli, Daniel J. O'Friel, and Pierre Levy ("Lien Claimants") filed an entry of appearance on behalf of Plaintiffs. (Doc. 73).

For the past three years, the above listed lawyers have been in conflict over the division of attorney's fees collectable in the event this case is resolved. As much of this dispute has been

discussed in detail in the order dated June 26, 2013, this Court will only provide a brief timeline of the relevant events. (*See* Doc. 119).

On July 5, 2012, Lien Claimants filed an Unopposed Motion to Withdraw "on the grounds of irreconcilable conflict of interest with Plaintiff co-counsel and their clients, and lack of any enforceable co-counsel agreement." (Doc. 90). Mr. Berardinelli and Mr. O'Friel signed the Unopposed Motion to Withdraw. (*Id.*) Magistrate Judge Robert Hayes Scott granted Lien Claimants' Motion to Withdraw on July 9, 2012. (Doc. 91).

On October 29, 2012, Lien Claimants filed a Notice of Attorney's Lien.[1] (Doc. 98). Four months later, on February 27, 2013, Lien Claimants filed a Motion to Enforce Attorney's Lien and a Corrected Motion to Enforce Attorney's Lien, seeking to enforce the terms of an alleged fee-splitting agreement with Class Counsel whereby the Lien Claimants would receive one-third of the attorney's fees and Class Counsel would receive the other two-thirds. (Doc. 107). On March 19, 2013, Class Counsel filed a Motion to Strike the Notice of Lien.

On June 26, 2013, this Court issued an order denying Lien Claimants' motion to enforce the attorney's lien and granting Class Counsel's motion to strike the notice of attorney's lien. (Doc. 119). In its order, the Court found that the Lien Claimants had neither alleged nor established that they had any agreement with Plaintiffs regarding attorney's fees. Further, the Court found that the Lien Claimants did not submit anything to substantiate their contention that the settlement resulted from their work. (*See id.*)

Unhappy with the result in this Court, O'Friel filed an action in the First Judicial District Court, State of New Mexico, seeking to compel arbitration under an alleged fee-splitting

---

[1] Two days later, on October 31, 2012, Lien Claimants filed a separate, overlapping, class action lawsuit in the First Judicial District Court, State of New Mexico, which was removed to this Court as *Fulgenzi v. Smith, et al.*, CIV 12-1261 RB/RHS.

3

agreement.[2] Class Counsel seek to enjoin this state court action. They argue that in the course of ruling on the supposed attorney's lien, (Doc. 119), the Court already "actually decided" the issue of whether there was an enforceable agreement on attorney's fees. Accordingly, Class Counsel argue that this case falls within the "relitigation exception" of the Anti-Injunction Act and satisfies the factors that must be met for a federal court to grant injunctive relief. (Doc. 149).

## Discussion

The Anti-Injunction Act, codified at 28 U.S.C. § 2283, "was enacted to preserve the independence of state judicial systems." *Brooks v. Barbour Energy Corp.*, 804 F.2d 1144, 1146 (10th Cir. 1986) (citing *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt.*, 713 F.2d 1477, 1484 n. 5 (10th Cir. 1983)). The Anti-Injunction Act provides that a federal court "may not grant an injunction to stay proceedings in a State court" except in three circumstances: "as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." *Weyerhaeuser Co. v. Wyatt*, 505 F.3d 1104, 1107 (10th Cir. 2007) (citing 28 U.S.C. § 2283). Class Counsel argue the third exception – commonly known as the relitigation exception – applies to the current matter. Under this exception, a federal court may enjoin state proceedings if necessary to ensure the preclusive effect of an earlier federal court decision. *See id.* In other words, when a federal court decides an issue, it may prevent that same issue from being relitigated in state court where principles of preclusion should bind the state court.[3]

However, it bears underscoring that the relitigation exception is "permissive" and "non-mandatory." *Bailey v. State Farm Fire & Cas. Co.*, 414 F.3d 1187, 1189, 1191 (10th Cir. 2005)

---

[2] It appears that the Lien Claimants rely on the same purported co-counsel agreement in state court that the Court considered in its order denying Lien Claimant's motion to enforce their attorney's lien. (*See* Doc. 119).

[3] The Court notes that the relitigation exception is not completely coextensive with the principles of *res judicata*. *See Weyerhaeuser Co*, 505 F.3d at 1110. Rather, whereas *res judicata* bars claims that were or could have been decided by the previous court, the relitigation exception "authorizes injunctions against state adjudication of [only those] issues that actually have been decided by the federal court." *Id.* (citations omitted).

(citing *Brooks,* 804 F.2d at 1146) (noting that the Anti-Injunction Act *allows* courts to issue injunctions in certain circumstances). Just because a court "can issue an injunction does not mean *a fortiori* that it is required to do so." *Id.* Instead, "in determining whether an injunction should issue, a court should resolve doubts against issuing the injunction, and narrowly construe the Act's three exceptions." *Brooks*, 804 F.2d at 1146 (internal citations omitted).

Hence, the initial question in this matter is whether the Court's June 26, 2013 order clearly precludes the Lien Claimants state law claim for forced arbitration. If the answer is yes, the Court may – but is not required to – enjoin the state court proceeding.

Class Counsel argue that under the doctrine of issue preclusion the state suit is barred. Proving issue preclusion in the Tenth Circuit requires that:

> (1) the issue previously decided is identical with the one presented in the action in question, (2) the prior action has been finally adjudicated on the merits, (3) the party against whom the doctrine is invoked was a party, or in privity with a party, to the prior adjudication, and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action.

*Dodge v. Cotter Corp.*, 203 F.3d 1190, 1198 (10th Cir. 2000) (citation omitted). Here, the first factor proves to be dispositive.

Class Counsel concede that this Court did not explicitly rule on whether the Lien Claimants had the right to arbitrate the fee dispute. (Doc. 149 at 9). However, Class Counsel argue this is not determinative. They claim that the Court found that the alleged co-counsel agreement was unenforceable in the June 26, 2013 order. Since the right to arbitrate is contingent upon an enforceable co-counsel agreement, Class Counsel contend that the Lien Claimants cannot pursue a state court action based on that same agreement.

Indeed, Class Counsel is correct in conceding that the Court never explicitly ruled on the matter now pending in state court. The dispute in state court centers on whether there was an enforceable agreement between O'Friel and Goldberg regarding forced arbitration. The issue

decided by the Court in its June 26, 2013 order was whether there was a valid fee agreement between the Lien Claimants and the Plaintiffs.[4] (*See* Doc. 119). Specifically, the Court stated:

> Lien Claimants have neither alleged nor established that they had any agreement with Plaintiffs. Lien Claimants contend that they entered into an agreement with Plaintiffs' Counsel whereby "Mr. O'Friel would be paid a fixed percentage of one-third (1/3) of the Stanforth fee, to be adjusted depending on the extent of [the Lien Claimant's] contributions." (Doc. 107-1). This statement establishes that there was no firm agreement between Plaintiffs' Counsel and Lien Claimants, but rather an understanding that a potential fee would be divided according to the work contributed by counsel. As the contemplated co-counsel relationship quickly deteriorated, and Lien Claimants contributed no substantive work to the Stanforth case, there was no enforceable agreement between Plaintiffs' Counsel and the Lien Claimants. Indeed, Mr. Berardinelli and Mr. O'Friel acknowledged as much when they stated in the Motion to Withdraw that no enforceable co-counsel agreement existed. However, the issue is not whether there was an understanding between *the lawyers* about a contemplated co-counsel agreement, rather the crucial issue is whether Lien Claimants had an agreement with *the clients*.

(*Id.* at 6-7) (emphasis added).

The Court determines that this statement is not enough to warrant enjoining the state court action. While the Court clearly stated its view that there was no enforceable fee agreement between Class Counsel and Lien Claimants, the Court only explicitly ruled on the existence of an agreement between the Lien Claimants and the clients – *i.e.*, the Plaintiffs. The Court's statement regarding the enforceability of the agreement between Class Counsel and Lien Claimants is arguably dicta. Hence, the state court action is not obviously precluded.

In sum, this Court does not believe it appropriate to enjoin the state court action. In coming to this conclusion, the Court remains mindful that an injunction of a state court proceeding is an extraordinary remedy. As the Supreme Court stated:

> But in applying [the relitigation exception], we have taken special care to keep it strict and narrow. After all, a court does not usually get to dictate to other courts the preclusion consequences of its own judgment. Deciding whether and how prior litigation has preclusive effect is usually the bailiwick of the *second* court []. So issuing an injunction under the relitigation exception is resorting to heavy

---

[4] In this context, the Plaintiffs are considered the clients.

> artillery. For that reason, every benefit of the doubt goes toward the state court; an injunction can issue only if preclusion is clear beyond peradventure.

*Smith v. Bayer Corp.*, 131 S. Ct. 2368, 2375-76 (2011) (internal citations and quotations omitted). Accordingly, even though the Court clearly stated there was no enforceable agreement between the attorneys, it will leave it to the state court to make the ultimate judgment as to the preclusive effects of its prior judgment.

**THEREFORE,**

**IT IS ORDERED** that Movant Joseph Goldberg's motion for injunctive relief is denied. (Doc. 149).

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**