UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RICHARD STANFORTH, JR., and
HELEN LUCERO, for themselves
and all others similarly situated,

    Plaintiffs,

    v.                    No. 1:09-CV-01146 RB/RHS

FARMERS INSURANCE COMPANY OF ARIZONA,
FARMERS GROUP INC., MID-CENTURY INSURANCE
COMPANY, FARMERS INSURANCE EXCHANGE,
TRUCK INSURANCE EXCHANGE, BRISTOL WEST
INSURANCE COMPANY, 21ST CENTURY ADVANTAGE
INSURANCE COMPANY, 21ST CENTURY ASSURANCE
COMPANY, 21ST CENTURY CASUALTY COMPANY,
21ST CENTURY CENTENNIAL INSURANCE COMPANY,
21ST CENTURY INSURANCE COMPANY OF THE
SOUTHWEST, 21ST CENTURY NATIONAL INSURANCE
COMPANY, 21ST CENTURY NORTH AMERICA
INSURANCE COMPANY, 21ST CENTURY
PREMIER INSURANCE COMPANY, FOREMOST
INSURANCE COMPANY GRAND RAPIDS, MICHIGAN,
FOREMOST PROPERTY & CASUALTY INSURANCE
COMPANY, FOREMOST SIGNATURE INSURANCE
COMPANY, and MARYLAND CASUALTY COMPANY,
WILLIAM B. TOBIN, DAVID ARAGON, and JOHN AND
JANE DOES 1 THROUGH 250,

    Defendants.

## FINAL ORDER APPROVING SETTLEMENT AND
## JUDGMENT OF DISMISSAL WITH PREJUDICE

The Settlement Agreement entered into in the above-captioned action (the "Lawsuit") on October 14, 2013 (the "Agreement"), between Plaintiffs and Defendants (each as defined in the Agreement and set out below), was considered by the Court at the Final Approval Hearing on June 6, 2014, pursuant to the Order entered on November 1, 2013 (Dkt. #139), granting preliminary approval of the class settlement of the Lawsuit upon the terms and conditions in the

Agreement (the "Settlement"), and pursuant to the Order entered on January 10, 2014 (Dkt. #146), denying Objector Garon Fulgenzi's motion to withdraw preliminary approval of the Settlement. Based upon the Court's review of the Agreement and the Court's consideration of: (i) all pleadings, evidence and argument submitted in connection with Plaintiffs' Motion for Final Approval of Settlement, (ii) Class Counsel's Motion for Approval of Fee Awards, (iii) the Objections filed by asserted Settlement Class Members Garon Fulgenzi (Dkt. # 176) and Christine Martinez (Dkt. # 177), and the evidence offered in support thereof (*See* Exhibits to Dkt. #176, #177 #179, #183, and #187), and (iv) the additional argument presented at the Final Approval Hearing by Plaintiffs' counsel Geoffrey Romero and David Freedman, Defendants' counsel Steven Hulsman, by David Berardinelli, counsel for Objector Fulgenzi, and by Jeffrey Weinstein, counsel for Objector Martinez, the Court: (1) found the action within the Court's subject matter jurisdiction and the Settlement Class properly constituted; (2) found the terms of the Settlement fair and reasonable to Settlement Class Members, including both the members of Subclasses A and B; (3) found that, under the terms of the Settlement (and as agreed by counsel for Defendants), Settlement Class Members owe no premiums for the reformed Equal Limits UM Coverage provided pursuant to the Settlement; (4) overruled the Objections to the Settlement filed by Fulgenzi and Martinez; and (5) found the attorneys' fee request by Class Counsel to be fair and reasonable.

Accordingly, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

1. This Final Order and Judgment (the "Judgment") incorporates by reference the Agreement. In addition to the terms defined in this Judgment, all terms defined in the Agreement will have the same meaning for purposes of this Judgment as in the Agreement.

2. This Court has jurisdiction over the subject matter of the Lawsuit, over the Parties, and over all of the absent Settlement Class Members, based upon the Court's findings and conclusions herein that such Persons have been afforded the due process protections required

by the New Mexico and United States Constitutions of notice, an opportunity to be heard, a right to opt out, and adequate representation. *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797 (1985).

3. The Parties are Plaintiffs Richard Stanforth and Helen Lucero individually and as representatives of the Settlement Class, and Defendants Farmers Insurance Company of Arizona, Mid-Century Insurance Company, Farmers Insurance Exchange, Truck Insurance Exchange, Bristol West Insurance Company, 21st Century Advantage Insurance Company, 21st Century Assurance Company, 21st Century Casualty Company, 21st Century Centennial Insurance Company, 21st Century Insurance Company of the Southwest, 21st Century National Insurance Company, 21st Century North America Insurance Company, 21st Century Premier Insurance Company, Foremost Insurance Company Grand Rapids, Michigan, Foremost Property & Casualty Insurance Company, Foremost Signature Insurance Company, and Maryland Casualty Company (collectively "Farmers"), Farmers Group, Inc., William B. Tobin, David Aragon, and other affiliated Released Parties defined in the Agreement.

4. The Class Notice has been disseminated in the manner directed by the Preliminary Approval Order and in accordance with Paragraphs 84 through 90 of the Agreement (the "Notice Procedures"), as confirmed by Class Counsel and Defense Counsel at the Final Approval Hearing, and as attested to in the Declaration of Kimberly Ness regarding the mailed notice, the published summary notice, and the internet notice provided pursuant to Paragraphs 85 to 89 of the Agreement. The Court finds that the Notice Procedures employed: (i) are reasonable and the best practicable notice under the circumstances; (ii) reasonably apprised Settlement Class Members of the pendency of the Lawsuit, of the Settlement terms, of their rights to object to or opt-out of the Settlement, and of the Final Approval Hearing; (iii) constitute due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) meet the requirements of the Federal Rules of Civil Procedure and the requirements of due process under the New Mexico and United States Constitutions, and the requirements of any other applicable rules or laws. In

addition, the Court finds that the claim submission procedures and Claim Form are fair, reasonable, and adequate. Those procedures allow sufficient time and are simple and straightforward so that any Class Member who chooses to submit a Claim Form has ample opportunity to do so. The Claim Form and claim submission procedures assist the Class Members in making informed decisions as to whether to submit a Claim Form.

5. The Court certifies, as of the Effective Date, the following Settlement Class and Subclasses, for purposes of this Settlement only:

> The **"Settlement Class"** means all Persons (and their heirs, executors, administrators successors and assigns) who, as of the date of Preliminary Approval of this Agreement, are, or were, an Insured under any Farmers Policy (or Farmers Policies) issued, renewed or effective in New Mexico on or after January 1, 1995, that did not or does/do not provide Equal Limits UM Coverage. This includes all such Farmers Policies as to which the named insured executed a written rejection of all UM Coverage, as well as all such Farmers Policies as to which the named insured selected less than Equal Limits UM Coverage. Excluded from the Settlement Class are: (i) any Persons who make a timely election to be excluded in accordance with the provisions of this Agreement and the Class Notice; (ii) any present or former officers and/or directors of Farmers or Farmers Group, Inc.; (iii) the Referees appointed as part of this Agreement for the Neutral Evaluation on Appeal, if any, set forth below; (iv) Class Counsel and their spouses or relatives who currently reside in their household; (v) any Member of the New Mexico Judiciary and their spouses or relatives who currently reside in their household; and (vi) Defense Counsel, their spouses or relatives who currently Reside in their household. Each Member of the Settlement Class is a Member of either Subclass A or Subclass B, as defined in the Settlement. The policy reformation provisions set forth in Paragraph 51 of the Agreement apply to all Members of the Settlement Class, whether in Subclass A or Subclass B.
>
> **"Subclass A"** means certain members of the Settlement Class, as defined in the Settlement, who are entitled to submit a Claim Form and potentially receive a Settlement Class Payment pursuant to the terms of the Agreement, including, in particular, the claim adjustment procedures set forth at Paragraphs 52 through 83 of the Agreement.
>
> "Subclass A" includes all of those Settlement Class Members who: (a) were Insureds under a Farmers Policy (or Farmers Policies) that did not provide Equal Limits UM Coverage, and that was/were issued, renewed or effective between January 1, 1995, and the Reformation Ending Date applicable to the insurer that issued the subject policy; and (b) were involved in an Accident on or after January 1, 1995 while that Farmers Policy (or Farmers Policies) was in force; and (c) contend that the Accident was caused, in whole or in part, by the fault of an Uninsured Driver or an Underinsured Driver; and (d) contend that he or she (the Subclass A Member) suffered Bodily Injury or Property Damage as a result of the Accident for which he or she would be legally entitled to recover from the Uninsured or Underinsured Driver; and (e) contend that he or she would

have been entitled to receive money (or additional money) from Farmers for his or her damages caused by the Accident if, at that time, the applicable Farmers Policy (or Farmers Policies) had provided Equal Limits UM Coverage.

Any Person who satisfies the conditions to be in Subclass A set forth above is included in Subclass A even if he or she has not previously submitted a claim to Farmers for UM Benefits with respect to the Accident so long as: (i) the Accident occurred on or after January 1, 1995, and (ii) the applicable Farmers Policy (or Farmers Policies) in force at the time of the Accident did not provide Equal Limits UM Coverage, unless such Person is excluded from Subclass A on one of the grounds set forth below.

Excluded from Subclass A (but nevertheless part of the Settlement Class) are any Persons who would otherwise satisfy the conditions to be a Member of Subclass A, but who also satisfy any of the following additional conditions: (a) he or she previously prosecuted a claim for UM Benefits against Farmers, in litigation or arbitration that was resolved through a final judgment or arbitration award; (b) he or she executed a release in favor of Farmers that specifically released claims that UM Coverage under the Farmers Policy (or Farmers Policies) should be deemed "Equal Limits UM Coverage" and/or that the policyholder was not properly advised of the opportunity to purchase Equal Limits, stacked or aggregated UM coverage; (c) he or she has a pending claim for UM Benefits under a Farmers Policy that is reported to Farmers prior to the Preliminary Approval date of this Agreement, including all Persons who have a claim for UM Benefits under a Farmers Policy that is being litigated or arbitrated against Farmers and is unresolved by a Judgment or Award that became final and unappealable prior to the Preliminary Approval date of this Agreement; or (d) he or she was in an Accident with an Uninsured or Underinsured Driver prior to the Preliminary Approval date of this Agreement, but has not yet submitted a claim for UM Benefits to Farmers as of the date of Preliminary Approval because such claim is not yet ripe due to lack of resolution of a claim with, or lawsuit against, the allegedly at fault Uninsured or Underinsured Driver or his or her liability insurer, or due to any other reasonable cause (such as on-going treatment of injuries) which would make the presentation of a claim for UM or UIM Benefits premature as of the date of the Preliminary Approval of this Settlement.

Claims for UM Benefits with respect to such Accidents that have been or may subsequently be submitted to Farmers by those Persons excluded from Subclass A based on subsections (c) or (d) of the immediately preceding paragraph will, unless such person should affirmatively elect to join Subclass A, be adjusted, remediated, litigated and/or arbitrated outside of the Agreement pursuant to Reformed Policy Limits (if the applicable Farmers Policy or Farmers Policies are subject to reformation pursuant to Paragraph 51 of the Agreement). If any such Person submits a claim for UM Benefits to Farmers after Preliminary Approval, but before Final Approval, of this Settlement, or submits a Claim Form pursuant to Paragraph 52 of the Agreement, then Farmers shall, as provided in the Agreement, advise such Person of the terms of the Settlement and that he or she may elect to join Subclass A by executing and submitting a written notice thereof to the Class Administrator.

**"Subclass B"** means all Persons who satisfy the definition of Settlement Class Member, but who do not satisfy the conditions to be a member of Subclass A. Subclass B will be certified only pursuant to Fed. R. Civ. P. 23(b)(2). Nevertheless, pursuant to Fed. R. Civ. P. 23(d), Subclass B Members will be permitted to exclude themselves from (*i.e.*, opt-out

of) the Settlement Class, including but not limited to any claims they may have under the New Mexico Unfair Practices Act, NMSA 1978, § 57-12-10(B).

6. The Court expressly reserves the right to determine, should the occasion arise, whether the Lawsuit may be certified as a class action for purposes other than settlement, and Defendants retain all rights to assert that the Lawsuit may not be certified as a class action except for purposes of settlement only.

7. The Court finds that, for settlement purposes only, the prerequisites for a class action under Fed. R. Civ. P. 23(a), (b)(2), and (b)(3) have been satisfied in that: (i) there are thousands of Settlement Class Members and they are so numerous that joinder of all Settlement Class Members is impracticable; (ii) there are questions of law and fact common to the Settlement Class; (iii) the claims of the Settlement Class Representatives allege uniform conduct by Farmers with respect to UM/UIM coverage which are typical of the claims of the Settlement Class Members; (iv) the Settlement Class Representatives are adequate to represent the interests of the Settlement Class, including both those Settlement Class Members who were Insureds of the Defendants who issued Motor Vehicle Policies to the Settlement Class Representatives, as well as those Settlement Class Members who were Insureds under Motor Vehicle Policies issued by other of the Defendants in that the Settlement Class Representatives possess the same interests and allege the same injuries as the Class Members and there are no conflicts between the Settlement Class representatives and the Class Members; (v) the questions of law and fact common to the Settlement Class Members with respect to UM/UIM coverage predominate over any questions affecting only individual Settlement Class Members; (vi) certifying the Settlement Class is superior to other available methods for the fair and efficient adjudication of the controversy; (vii) manageability for trial purposes is not an issue and need not be considered in determining a settlement class, *Amchem v. Windsor*, 512 U.S. 591, 619 (1997); and (viii)

Farmers has acted or failed to act on grounds that apply generally to the Class, such that an injunction is appropriate respecting the Class as whole.

8. The Court finds that there is no evidence of any conflict of interest between the named plaintiffs, Richard Stanforth, Helen Lucero, and any other Members of the Settlement Class and, therefore, appoints those individuals as Settlement Class Representatives.

9. Plaintiffs' Counsel are knowledgeable, experienced class action counsel who are also specifically knowledgeable regarding the matters at issue in this litigation and are therefore highly qualified to represent the class. Plaintiffs' Counsel are hereby appointed as Counsel for the Settlement Class ("Class Counsel") as follows, based on the Court's determination that the requirements of Fed. R. Civ. P. 23(g) are satisfied by this appointment:

> Geoffrey R. Romero, Esq.
> LAW OFFICES OF GEOFFREY R. ROMERO
> 4801 All Saints Road, NW
> Albuquerque, NM 87120
>
> David A. Freedman, Esq.
> Joseph Goldberg, Esq.
> Vincent J. Ward, Esq.
> FREEDMAN BOYD HOLLANDER
> GOLDBERG URIAS & WARD PA
> 20 First Plaza Center NW #700
> Albuquerque, NM 87102
>
> Ray M. Vargas II, Esq.
> THE VARGAS LAW FIRM LLC
> 807 Silver Avenue, SW
> Albuquerque, NM 87102
>
> David P. Garcia, Esq.
> THE LAW FIRM OF DAVID P. GARCIA
> 303 Paseo de Peralta
> Santa Fe, NM 87501
>
> Matthew L. Garcia, Esq.
> GARCIA IVES NOWARA LLC

201 Third Street NW, Suite 480
Albuquerque, NM 87102

Erin B. O'Connell, Esq.
O'CONNELL LAW LLC
4801 All Saints Rd, NW
Albuquerque, NM 87120

10. The Court finds that Class Counsel and the Settlement Class Representatives have fairly and adequately represented and protected the interests of the Settlement Class for purposes of entering into and implementing the Settlement. The Final Approval Hearing and the evidence before the Court establish that investigation, discovery and litigation conducted to date are sufficient for the Parties to have the information needed to act intelligently in entering into the Agreement and that the Agreement is the result of extensive, good faith, arm's-length negotiation between the Parties. Based on the evidence before it, the Court finds there was no evidence of any collusion, fraud or reverse auction of any kind in obtaining the Agreement.

11. The Court finds that the Settlement, and all provisions and terms of the Agreement, are fair, reasonable, and adequate to the Settlement Class. The Court further finds that the Settlement will provide substantial benefit to the Settlement Class, result in substantial savings in time and money to the Court and the litigants, and further the interests of justice. In reaching this determination, the Court has, based upon the evidence presented and its independent inquiry, analysis and due diligence, considered: the serious questions of fact and law raised by Plaintiffs' claims and Defendants' potential defenses thereto; the risk, expense, complexity, and likely duration of further litigation; the risk of obtaining, and maintaining throughout trial and potential appeal, class action status; the benefits of the Settlement; the potential delays in adjusting (or re-adjusting) claims of certain Settlement Class Members for UM Benefits; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel that the Settlement is fair and reasonable; and the reaction(s) of the Settlement Class Members to the Settlement (both as to the number of requests for exclusion

from the Settlement Class and as to the number and nature of the objections to the Settlement). The Settlement Claim Adjustment process set forth in Paragraphs 50 and 52 through 83 of the Agreement is fair, reasonable and adequate to both Settlement Class Members and Defendants. The Court further finds that the Settlement adjustment or readjustment process provides a comprehensive, expedited and fair method of resolving Class Member UM/UIM claims. In addition, the Settlement provides for an appeal process by neutral arbitrators in the event a Subclass A Member is not satisfied with the adjustment or readjustment of his or her claim. The appeal process includes both regular arbitration and "baseball" arbitration at the discretion of the Subclass A Member. Farmers has agreed to apply a benefit-of-the-doubt standard to all Subclass A Member claims which is a substantial benefit to members of the Class. This standard is more generous to Class Members than the legal standard to which Class Members would normally be entitled in either litigation or claims adjustment. The Settlement Agreement also provides that those Subclass A Members who are entitled to a payment based on the adjustment or readjustment of their claims, after their insurance policies have been equalized, may receive as much as 100% of their Claim Value and in no event less than 25% of their Claim Value, notwithstanding Farmers' substantial defenses to certification of the Class, as well as defenses of waiver, release, accord and satisfaction, laches and/or statutes of limitations, which could pose obstacles difficult for Plaintiffs and the Class to overcome if this matter were to be litigated further. Finally, the Court notes that attorneys' fees and costs as well as the costs of notice and administration of the Settlement will be borne by Farmers and will not reduce any of the benefits paid to the Class. All these factors weigh heavily in favor of finding the Settlement to be fair and reasonable. The Settlement Class is not burdened or discouraged from filing claims as the Claim Form is uncomplicated, reasonably easy to complete and has been provided to Settlement Class Members through direct mailing and/or is available on the settlement administration website.

12. Accordingly, based on its consideration of all of these factors, effective upon the Effective Date, the Court approves the Settlement in all respects, certifies the Settlement Class for settlement purposes only and directs the Parties, Class Counsel and Defense Counsel to comply with and consummate the terms of the Agreement.

13. The Agreement, the Settlement and this Judgment are not to be deemed an admission of liability or fault by Defendants or by any of the Released Parties, or a finding of the validity of any facts, allegations or claims asserted in the Lawsuit, or of any wrongdoing or of any violation of law by Defendants or any of the Released Parties, or that any person has suffered any damage attributable to Defendants or any of the Released Parties, or an admission by Defendants or Released Parties as to the certifiability of a litigation class in the Lawsuit, or any other case. Neither the certification of the Settlement Class, nor this Judgment, nor the Agreement, nor the fact that it was entered into, nor any of its terms, provisions or exhibits, nor any of the negotiations or proceedings connected with it, nor any filings or arguments made to the Court in support of preliminary approval of the Settlement, may be offered, received or construed, in any pending or future civil, criminal or administrative action, as: (i) an admission of or evidence of liability or fault by Defendants or any of the Released Parties or a finding of the validity of any claims asserted in the Lawsuit or of any wrongdoing or of any violation of New Mexico law by any of the Released Parties or; (ii) an admission of or evidence of the appropriateness of certification of either the Settlement Class or a litigation class; or (iii) as evidence for any purpose in this or any other proceeding, including as to the certification of any class, except that such materials may be offered or received in proceedings to enforce the Agreement or if Defendants, at their sole discretion, stipulate to the admission of such evidence. Notwithstanding the foregoing, any of the Released Parties may file the Agreement, or any judgment or order of the Court related to it, in any other action that may be brought against them,

to support any defenses based on *res judicata*, collateral estoppel, release, or any other theory of claim preclusion or issue preclusion.

14. Rust Consulting, Inc. is appointed as third-party class administrator ("Class Administrator") to carry out the duties of the Class Administrator as described in the Agreement.

15. The Court approves the procedures set forth in the Agreement regarding not sending a separate Class Notice to any attorney(s) who may currently represent, or who may previously have represented, absent Settlement Class Members with regard to a Claim. The Court finds that neither Defendants, the Released Parties, Defense Counsel nor Class Counsel, shall be responsible in any way for any attorneys' lien(s) or medical lien(s) submitted for any of the Settlement Class Members, nor shall any such liens be created by any of the efforts of the Parties to effectuate any of the terms of the Settlement Agreement.

16. The Court appoints Leslie Harris, Jay Smith and Ted Baca, who are neutral third parties that have been selected and agreed to by both Class Counsel and Farmers, as the Referees who will be the binding arbiters of any timely disagreements as to the amount due, if any, to Subclass A Members for Settlement Class Payments under the terms of the Agreement. The Referees shall resolve such disputes in accordance with the Neutral Evaluation on Appeal terms, conditions and procedures set forth in Paragraphs 69 through 83 of the Agreement. All decisions of the Referees shall be final and binding. Neither Defendants, Defense Counsel, the Settlement Class Representatives nor Class Counsel shall be liable for any act, or failure to act, of the Referees.

17. The Court approves, upon the Effective Date, an award to Class Counsel for attorneys' fees, which is inclusive of all costs, expenses, fees, and applicable New Mexico gross receipts tax, of Two Million Seven Hundred Thousand Dollars and No Cents ($2,700,000.00). In approving such award, the Court finds significant the fact that this amount will be paid by Farmers in addition to, and not out of, the relief provided to Settlement Class Members under the

Settlement. The Court approves, upon the Effective Date, Class Representative Service Awards as follows: $10,000, each, to Richard Stanforth and Helen Lucero. Class Representative Service Awards shall be paid by Farmers. Such payments shall be made within thirty (30) days after the Effective Date.

18. Class Counsel and/or other attorneys for the Named Plaintiffs in this Lawsuit shall comply with the provisions in Paragraphs 110 through 113 of the Agreement pertaining to the confidentiality of the Proprietary Class Settlement Information and Confidential Discovery Data provided to them in the course of discovery in the Lawsuit and/or the negotiation or administration of the Settlement.

19. Valid, timely requests for exclusion from the Settlement Class were submitted in accordance with the Preliminary Approval Order and Paragraphs 103 to 104 of the Agreement by 252 potential members of the Settlement Class and those Persons (identified in the Confidential List of *Stanforth* Settlement Opt-Outs filed under seal and incorporated herein by reference)) are excluded from the Settlement Class. All other potential members of the Settlement Class are adjudged to be Settlement Class Members and are, as of the Effective Date, bound by the terms of the Agreement, including the releases in Paragraphs 60, 68, 78 through 81, 107, 114 through 121 and 128 through 130 thereof, bound by this Judgment, barred and enjoined, now and in the future, from asserting any of the Released Claims against any of the Released Parties, and conclusively deemed to have fully and finally released all of the Released Parties from any and all Released Claims to the fullest extent possible pursuant to principles of *res judicata*. Further, there were two objections to the Settlement, both of which the Court has overruled. Given that Class Notice was mailed to over 850,000 individual potential Settlement Class Members, the Court finds the two objections and 252 opt outs to be statistically negligible, further supporting the Court's conclusion that the Settlement is fair and adequate to the Settlement Class Members.

20. The Court finds that, as of the Effective Date, any Settlement Class Member who failed to object or seek to intervene in accordance with the Preliminary Approval Order and Paragraphs 106 to 107 of the Agreement is conclusively deemed to have waived the right to object or intervene and is barred from raising their objections to the Settlement or this Judgment in this or any other proceeding, including in an appeal.

21. With respect to Persons having requested exclusion from the Settlement Class, pursuant to the stipulation of Class Counsel, the Court orders that they, as well as all other counsel of record for the Named Plaintiffs, and their firms, shall not represent, encourage, solicit or substantively assist, in any way whatsoever, any person in requesting exclusion from the Settlement Class, and shall not represent, encourage, solicit or substantively assist, in any way whatsoever, any person who requests exclusion from the Settlement Class, in any subsequent litigation that person may enter into with any Released Parties regarding the Released Claims or any related claims. This prohibition will not apply if the Settlement does not become Final and Effective.

22. As provided in Paragraph 39 of the Agreement, "Released Parties" or "Released Persons" means Farmers (which, as provided in Paragraph 18 of the Agreement means, individually and/or collectively, and solely for the purposes of the Settlement, Farmers Insurance Company of Arizona, Mid-Century Insurance Company, Farmers Insurance Exchange, Truck Insurance Exchange, Bristol West Insurance Company, 21st Century Advantage Insurance Company, 21st Century Assurance Company, 21st Century Casualty Company, 21st Century Centennial Insurance Company, 21st Century Insurance Company of the Southwest, 21st Century National Insurance Company, 21st Century North America Insurance Company, 21st Century Premier Insurance Company, Foremost Insurance Company Grand Rapids, Michigan, Foremost Property & Casualty Insurance Company, Foremost Signature Insurance Company, and Maryland Casualty Company), Farmers Group, Inc., the Agent Defendants (as defined in

Paragraph 2 of the Agreement), and any of its, his, her, or their past, present or future officers, directors, stockholders, attorneys, attorneys-in-fact, insurers, directors, agents, brokers, producers, shareholders or corporate parents, subsidiaries or affiliates, employees and/or independent contractors (including any insurance agents contracted with any of the insuring entities defined as "Farmers" above, inclusive of all insurance agent Doe defendants in the Lawsuit), and/or any other successors, assigns, divisions, or legal representatives thereof.

23. As provided in Paragraphs 115 through 117 of the Agreement, "Released Claims" means and includes, to the full extent of claim preclusion and *res judicata* principles: any and all known and unknown claims, rights, demands, actions, claims, causes of action, allegations, or suits of whatever kind or nature, whether *ex contractu* or *ex delicto* or in equity, debts, liens, contracts, torts, statutes, liabilities, agreements, interest, costs, expenses, attorneys' fees, damages (including actual, consequential, statutory, and/or punitive or exemplary damages) or rights to reformation, declaratory or injunctive relief, irrespectively of the legal theory, and including but not limited to claims or causes of action for breach of contract, breach of the implied covenant of good faith and fair dealing, improper claim handling, common law or statutory bad faith claim handling, fraudulent inducement, fraud, constructive fraud, misrepresentation, non-disclosure, omissions, deception, consumer fraud, unfair or deceptive claims settlement practices, unfair or deceptive business practices, unfair or deceptive insurance practices, unfair or deceptive trade practices, unfair competition, statutory or regulatory violations (including but not limited to claims alleging violation of NMSA 1978, § 57-12-2 et. seq., NMSA 1978, § 59A-16-20, et. seq., NMSA 1978, § 66-5-301, et. seq. or 13.12.3.9 NMAC), conspiracy, breach of fiduciary duty, prima facie tort, unjust enrichment, infliction of mental or emotional distress, interference with contract or business expectations, reformation, declaratory relief, premium overcharges, failure to stack benefits, and/or statutory and/or non-statutory attorneys' fees, including but not limited to claims pursuant to NMSA 1978, § 39-2-1 (collectively, "Claims") arising from or relating in

14

any way whatsoever to alleged conduct or omissions in connection with any of: (1) the marketing, disclosure, sale, underwriting, applications for, issuance or delivery of Farmers Policies during the Class Period, (2) the review, handling, payment, adjustment or denial of claims for UM Benefits under Farmers Policies or for Settlement Class Payments hereunder; (3) any Settlement Class Member's Accident (as defined in the Agreement) or applicable Farmers Policy; or (4) any other conduct or omissions which are or could have been alleged in the Lawsuit by the Settlement Class Members.

24. Such Released Claims include, but are not limited to, Claims based on the following contentions: (i) failure to adequately offer or to provide Equal Limits UM Coverage; (ii) failure to obtain a valid, written rejection of Equal Limits UM Coverage, whether by failing to clearly and unambiguously offer the opportunity to purchase Equal Limits UM Coverage together with a menu of the premium prices for each available limit of UM Coverage up to the Farmers Policy's liability limits for BI or PD coverage, or by failing to offer the opportunity to purchase Equal Limits UM Coverage in such manner separately and individually for each Motor Vehicle insured under the Farmers Policy (or Policies), or by failing to attach to, endorse upon or otherwise make a part of the policy the insured's UM selection/rejection form, or by failing to properly offer or account for "stacking," or upon any other alleged basis; (iii) that UM selection/rejection form(s) for Farmers Policies did not (or do not) comply with New Mexico Law; (iv) failure to stack or aggregate all of the available limits of UM Coverages under all applicable Farmers Policies and/or failure to obtain a valid written rejection of "stacked" UM Coverage; and/or (v) failure to adequately and/or timely notify Settlement Class Members of their rights with respect to UM Coverage and/or of the effect of New Mexico statutes and/or case law, including without limitation, *Jordan v. Allstate*, 149 N.M. 162 (2010), *Williams v. Farmers*, 146 N.M. 515 (2009), *Chen v. Farmers*, 148 N.M. 151 (2010); *Progressive Northwestern Ins. Co. v. Weed Warrior Services*, 149 N.M. 157 (2010) and *Montano v. Allstate*, 135 N.M. 681

(2004). This list of Claims is by way of example only. Released Claims also include, without limitation, any and all claims for attorneys' fees, costs, interest or disbursements incurred by Class Counsel or any other counsel representing Plaintiffs or any Class Member, or by Plaintiffs or any Class Member in connection with or related in any manner to the Lawsuits, the settlement of the Lawsuits, the administration of such settlement, and/or the Released Claims except to the extent otherwise specified in this Settlement Agreement.

25. As provided in Paragraph 118 of the Agreement, "Unknown Claims" means any Claims arising out of facts found hereafter to be other than or different from the facts now believed or suspected to be true, relating to any matter covered by the Agreement, any of the Released Claims defined therein, or covered by this Judgment. Pursuant to the Agreement, each Settlement Class Member is deemed to have expressly waived, effective upon the Effective Date, any and all Unknown Claims to the full extent permitted by law, including to the extent that any applicable statutes or principles of law may otherwise limit the release of unknown claims, and to the full extent of claim preclusion and *res judicata* protections.

26. By operation of the entry of this Judgment, upon the Effective Date each Settlement Class Member, and any of his, her or its past, present or future agents, legal representatives, trustees, parents, estates, heirs, executors and administrators, shall be subject to, and shall be bound by this Judgment, bound by the Agreement (including, but not limited to the releases set forth in Paragraphs 60, 68, 78 through 81, 107 and 114 through 121), and held to have expressly waived, released, relinquished and discharged, to the fullest extent permitted by law, and to have covenanted not to assert or sue on, individually or acting together, any and all Released Claims, and any and all Unknown Claims against the Released Parties, and any such claims shall be barred by the protections of *res judicata*, collateral estoppel, the doctrine of release, and any other applicable laws

27. By operation of the entry of this Judgment, upon the Effective Date each Settlement Class Member, and any of his, her or its past, present or future agents, legal representatives, trustees, parents, estates, heirs, executors and administrators, is permanently enjoined from starting, continuing, participating in or receiving any benefits or other relief from, any lawsuit or arbitration asserting any of the Released Claims or Unknown Claims against any of the Released Parties or Released Persons.

28. As provided in Paragraphs 92 through 97, of the Agreement, the Settlement is contingent (at Farmers' option) upon the Court's determination that the Settlement encompasses and, thus, fully and finally resolves and disposes of, all Settlement Class Members' claims, against any of the Released Parties, arising out of or related to the marketing, disclosure, sale, issuance or administration (including the handling of any claims for benefits thereunder) of Farmers Policies during the Class Period that had or have less than Equal Limits UM/UIM Coverage, or which claims are otherwise encompassed within the Released Claims, including but not limited to the putative class claims asserted in the action entitled *Fulgenzi v. Michael Smith, et. al.*, initiated in the First Judicial District Court of the County of Santa Fe and currently pending in the United States District Court for the District of New Mexico as Case No. 1:12-CV-01261-RB-RHS ("the *Fulgenzi* suit"), and upon the Court's determination to that effect becoming Final and Effective pursuant to Paragraphs 15 and 21 of the Agreement.

29. The Court has reviewed the operative complaints in the Lawsuit and in the *Fulgenzi* suit, along with the Agreement. The Court finds and concludes that the Settlement and the Released Claims and Released Parties encompass the parties and putative class claims asserted in the *Fulgenzi* suit, and that the Lawsuit and the *Fulgenzi* suit are based upon and arise from essentially the same alleged set of facts, notwithstanding any asserted differences in the causes of action pleaded.

30. Accordingly, upon the Effective Date, Plaintiffs and all Settlement Class Members are permanently enjoined from bringing or proceeding with any action, including the *Fulgenzi* suit, against any of the Released Parties, that asserts any claim or seeks any recovery of damages or other relief related to arising out of or related to the marketing, disclosure, sale, issuance or administration of Farmers Policies during the Class Period that had or have less than Equal Limits UM/UIM Coverage (including the handling of any claims for benefits thereunder), or asserts any claims otherwise encompassed within the Released Claims.

31. Further, if the *Fulgenzi* suit is pending before this Court at the time of entry of this Judgment, the Court hereby orders (and will issue an equivalent order in the *Fulgenzi* suit's docket) the *Fulgenzi* suit dismissed with prejudice, other than to the extent that such suit may be pursued by those Persons who have elected to opt out of this Settlement.

32. If this Judgment does not become Effective and Final, as provided in the Agreement, or if any of the conditions in Paragraph 93(i)-(iv) of the Agreement are not satisfied and Farmers elects to exercise its option to void the Settlement, terminate the Agreement and withdraw its consent to the entry of this Judgment, then in that event, the Settlement, any preliminary or final certification of a Settlement Class, and any obligations Defendants may have under the Settlement (including, but not limited to, any obligation to pay attorneys' fees), will be null and void and of no force and effect. In that event, neither the Agreement, nor the Preliminary Approval Order nor this Judgment (including as to any preliminary or final certification of a Settlement Class), nor any pleading or other paper filed in support of or related to the Agreement, nor any argument offered in support of the Settlement, shall be admissible or usable in this or any other proceeding, including with respect to Defendants' position that a litigation class should not be certified herein, other than to the extent necessary to effectuate and enforce the termination of the Settlement.

33. By operation of the entry of this Judgment, the Court dismisses the Lawsuit with prejudice as to all claims and all Parties.

34. Without in any way affecting the finality of this Judgment, this Court shall retain continuing jurisdiction over the Lawsuit for purposes of:

    A. Enforcing the Agreement (including with respect to the contingent events set forth in Paragraphs 15, 21, 23 and 92 through 97 of the Agreement) and the Settlement;

    B. Hearing and determining any application by any party to the Agreement for a settlement bar order; and

    C. Any other matters related or ancillary to any of the foregoing.

IT IS SO ORDERED, ADJUDGED AND DECREED.

Dated: June 25, 2014

*[signature: Robert Brack]*

The Hon. Robert C. Brack
United States District Judge